MATTER OF C——

Change in Nonimmigrant Status

A-11808356

Decided by Regional Commissioner July 21, 1959
Approved by Assistant Commissioner December 4, 1959

Nonimmigrant—Change of status, section 248 of 1952 act—Not available to alien admitted as agricultural laborer.

An alien who was admitted to the United States as an agricultural worker under the provisions of the Agricultural Act of 1949, as amended, not having acquired a nonimmigrant classification under section 101(a)(15) of the Immigration and Nationality Act, is ineligible for change of nonimmigrant status under section 248 of the act.

## BEFORE THE REGIONAL COMMISSIONER

**Discussion:** This case comes forward on appeal from the district director's order denying the application for change in nonimmigrant status under section 248 of the Immigration and Nationality Act.

The applicant is a 26-year-old married male, a native and citizen of Mexico. He was admitted to the United States on December 2, 1957, at Calexico, California, as an agricultural worker for a temporary period expiring on January 13, 1958. Four extensions of authorized stay were granted, the last to expire on May 1, 1959.

On May 5, 1959, the alien applied for change in nonimmigrant status under section 248 of the Immigration and Nationality Act. The change requested is from agricultural worker to industrial trainee. A petition on Form I-129B has been filed in behalf of the applicant to accord him industrial trainee classification under section 101(a)(15)(H)(iii) of the Immigration and Nationality Act. The record is silent on the disposition of the petition.

The question to be resolved in this case is whether an alien who entered the United States as an agricultural worker under the Agricultural Act of 1949, as amended, can be granted a change in nonimmigrant status under section 248 of the Immigration and Nationality Act.

The alien's identification card reveals that at the time of admission he was contracted to Imperial Valley Farmers' Association for employment as an agricultural worker under Public Law 78 in

Imperial, Riverside and San Diego Counties. Agricultural workers are admitted to the United States under those provisions of the regulations currently set forth in 8 CFR 214.2(k).

Although an "agricultural worker" must be admissible under the general requirements of the Immigration and Nationality Act, the authority for his admission is found *not* in the Immigration and Nationality Act, but in Title V of the Agricultural Act of 1949, as amended (Public Law 78, 82d Cong., 1st Sess.). This conclusion is supported by the clear import of section 405(e) of the Immigration and Nationality Act, which states that the Act shall not be construed to "repeal, alter, or amend" Title V.

Counsel for the alien contends that the purpose for which the applicant entered the United States meets the definition found in section 101(a)(15)(H)(ii) of the Immigration and Nationality Act since he was coming from his foreign residence to perform temporary labor in the United States, and as a result he is a nonimmigrant. In order to have the status of nonimmigrant under section 101(a)(15), an alien must be admitted to the United States as such and must present entry documents which are different from those required of agricultural workers.

Not having complied with these admission requirements, the alien may not be considered as a nonimmigrant.

For the reasons stated above, the district director's order of denial will be affirmed.

**Order:** It is ordered that the appeal be and the same is hereby dismissed and the order of the district director affirmed.